# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| GARRIE D. BOSTIC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV406-161 |
| SHERIFF AL ST. LAWRENCE, et. al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has submitted a complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. Docs. 1, 2. As it appears that plaintiff lacks the resources to pay the $350.00 filing fee, his motion to proceed *in forma pauperis* is **GRANTED**.[1]

---

[1] Although plaintiff has used the form complaint which the Court furnishes to prisoners or detainees in this district, he does not indicate that he is presently confined, and he lists an address which is located in a residential neighborhood. Assuming that he is at liberty, plaintiff is not subject to the provisions of 28 U.S.C. § 1915(a)(2) and (b), which require prisoner IFP applicants to pay the full filing fee in installments which the Court must calculate and assess based upon deposits to the prisoner's trust fund account. If the Court later determines that plaintiff is in fact a prisoner (or was at the time he filed his complaint), it may become necessary to order him to pay the filing fee despite his indigent status. Compare Harris v. Garner, 216 F.3d 970 (11th Cir. 2000) (directing district courts to collect remainder owing on appellate filing fee when prisoner is released from custody during pendency of appeal) with DeBlasio v. Gilmore, 315 F.3d 396, 398-99 (4th Cir. 2003) (IFP prisoner released during pendency of a lawsuit is not liable for the remainder of the fee upon his release, if he otherwise qualifies for IFP status).

A case filed *in forma pauperis* must be "dismiss[ed] . . . at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As plaintiff's complaint in this case merely references certain constitutional provisions without citing any supporting facts whatsoever, it should be **DISMISSED**.

Plaintiff's complaint neglects to mention any of the named defendants in the body of the complaint and, indeed, fails to set forth factual allegations of any kind. The "statement of claim" section contains nothing more than the sentence "my constitutional rights have been violated" and citations to the First, Fifth, Eighth, and Fourteenth Amendments of the Constitution. Plaintiff's prayer for relief seeks compensation for pain and suffering and asks this Court to "bring state courts [and] persons up to federal standards." Plaintiff offers no explanation as to how his "rights" have been violated, how the named defendants violated his "rights," or how he has been injured. A federal court "may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts . . . ." Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). Furthermore, the

IFP statute now permits the dismissal of complaints which fail to state a claim. 28 U.S.C. § 1915 (e)(2)(B)(ii). This complaint fails to state a claim upon which relief may be granted, as it contains no factual allegations whatsoever.

For the foregoing reasons, this complaint should be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

**SO REPORTED AND RECOMMENDED** this 9th day of August, 2006.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court notes that this complaint contains handwriting identical to that of several other complaints recently filed by other detainees at the Chatham County Jail. Clearly, detainees at that facility are using a common "writ writer." Unfortunately, plaintiff seems to have chosen the wrong champion, for his present complaint is woefully inadequate and subject to immediate dismissal. Plaintiff should think twice before continuing to use this ghost writer as his advocate, for a prisoner who incurs "three strikes" under 28 U.S.C. § 1915(g) is precluded from proceeding IFP except in cases where he is in imminent danger of serious physical injury.